IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| R. ALEXANDER ACOSTA, )<br>SECRETARY OF LABOR, )<br>UNITED STATES DEPARTMENT OF LABOR, )<br>        Plaintiff, )<br>)<br>      v. )<br>)<br>JASON B. ALEXANDER, d/b/a THE FLIPPIN )<br>SWEET EATERIES, a/k/a DASH PIZZERIA A )<br>FLIPPIN SWEET JOINT, a/k/a THE FLIPPIN )<br>SWEET PIZZERIA & BURGER JOINT, )<br>)<br>        Defendants. ) | CIVIL ACTION FILE<br>NO. 7:19-cv-5005 |

## COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, including the restraint of any withholding of payment of overtime compensation found by the Court to be due to Defendants' employees, pursuant to section 17 of the Act; and to recover unpaid overtime compensation owed to certain of Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217; this Court also has jurisdiction under 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**DEFENDANTS**

3. Defendant Jason B. Alexander, an individual, is a partner in the ownership of The Flippin Sweet Eateries, a/k/a Dash Pizzeria, a flippin sweet joint, a/k/a The Flippin Sweet Pizzeria and Burger Joint. Mr. Alexander resides in Bertrand, Nebraska, in Phelps County, within the jurisdiction of this Court. Mr. Alexander controls, operates and manages The Flippin Sweet Eateries, a/k/a Dash Pizzeria, a flippin sweet joint, a/k/a The Flippin Sweet Pizzeria and Burger Joint, acting directly and indirectly in their interests in relation to Defendants' employees. Among other things, Mr. Alexander sets work hours, handles daily operations, and hires, fires and trains employees. Mr. Alexander is, and at all times hereinafter mentioned, was an employer within the meaning of section 3(d) of the Act.

4. Defendant The Flippin Sweet Eateries, which includes a pair of eateries also known as Dash Pizzeria, a flippin sweet joint, also known as The Flippin Sweet Pizzeria and Burger Joint, at all times relevant to this Complaint, has been a partnership owned by Jason and Felicia Alexander. Dash Pizzeria is located at 203 E. 25th Street, Kearney, Nebraska 68847, in Buffalo County, within the jurisdiction of this Court. The Flippin Sweet Pizzeria and Burger Joint is located at 3905 2nd Avenue, Kearney, Nebraska, in Buffalo County, within the jurisdiction of this Court.

**COVERAGE**

5. From at least September 30, 2016 through the present, Defendants Jason B. Alexander and The Flippin Sweet Eateries, a/k/a Dash Pizzeria, a flippin sweet joint, a/k/a The Flippin Sweet Pizzeria and Burger Joint, have had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working with goods or materials that have been moved in or produced for commerce by any person. Employees have regularly handled goods used in

the restaurants such as alcohol, food, and paper products that originated outside the State of Nebraska and have moved in interstate commerce. Employees have also regularly processed credit card payments from customers.

6. Additionally, from at least September 30, 2016 through the present, Defendants Jason B. Alexander and The Flippin Sweet Eateries, a/k/a Dash Pizzeria, a flippin sweet joint, a/k/a The Flippin Sweet Pizzeria and Burger Joint have had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the Act.

7. Since at least September 30, 2016 to the present, the business activities of Defendants Jason B. Alexander and The Flippin Sweet Eateries, a/k/a Dash Pizzeria, a flippin sweet joint, a/k/a The Flippin Sweet Pizzeria and Burger Joint were, and are, related and performed through unified operation or common control for a common business purpose, and have constituted an enterprise within the meaning of section 3(r) of the Act.

## FACTUAL ALLEGATIONS

8. During the period September 30, 2016 through September 29, 2018, and continuing to the present, Defendants employed certain non-exempt employees in various positions including as managers, servers, bussers and kitchen employees at the Dash Pizzeria, a flippin sweet joint, and The Flippin Sweet Pizzeria and Burger Joint locations, including those employees and former employees named in Appendix A attached hereto.

9. Defendants did not pay to certain employees listed in Appendix A overtime compensation for hours worked by the employees in excess of 40 hours in one or more workweeks.

10. Defendants failed to pay certain employees overtime compensation for hours worked in excess of 40 hours in a workweek in various ways, including by paying straight time for overtime hours, and failing to pay overtime to salaried nonexempt employees.

11. Defendants did not make, keep and preserve required records accurately.

12. Defendants did not make, keep and preserve time records showing the hours actually worked each workday and the total hours actually worked each workweek by all employees, including hours worked by nonexempt salaried employees.

13. Defendants failed to display the most recent Fair Labor Standards Act Federal Minimum Wage poster or the Employee Polygraph Protection Act poster.

## **VIOLATIONS OF THE ACT**

14. Defendants have violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating these employees at overtime rates of not less than one and one-half times the regular rates at which they were employed.

15. Defendants have violated the provisions of sections 11(c) and 15(a)(5) of the Act, by failing to make, keep, and preserve adequate and accurate records of their employees' wages, hours, and other working conditions and practices of employment, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act.

16. As a result of the violations of the Act alleged in paragraphs 9 through 12 above, amounts are owed for unpaid overtime compensation to certain employees specifically named in Appendix A attached to Plaintiff's Complaint for the period from September 30, 2016 through at least September 29, 2018, and violations are believed to

have continued to the present. A judgment granting recovery of unpaid wages, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

17. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment as follows:

A. For an order pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid overtime compensation that may be found by the Court to be due under the Act to certain employees of the Defendants including those named in Appendix A attached to Plaintiff's Complaint, and an equal additional amount as liquidated damages.

B. For an order pursuant to section 17 of the Act, 29 U.S.C. § 217, restraining Defendants, their agents, servants, employees, and those persons in active concert or participation with them who receive actual notice thereof, from continuing to withhold the payment of any unpaid overtime compensation found to be due certain employees who are presently unknown to Plaintiff, plus interest on the unpaid overtime compensation from the date the compensation became due until the date of judgment;

C. For an order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice thereof, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act;

D. Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action; and,

E. Such other further relief as the Court deems necessary and appropriate.

PLACE OF TRIAL

Pursuant to the Local Rule 40.1 of the Court, Plaintiff hereby requests that trial in this matter be set in North Platte, Nebraska.

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor
IL Bar #6204656

Kim Prichard Flores
Maryland Bar
Acting Associate Regional Solicitor

 s/ Dana M. Hague
Dana M. Hague
KS Bar #21572
Senior Trial Attorney

Office of the Solicitor
U.S. Department of Labor
2300 Main Street, Suite 1020
Kansas City, MO 64108
Telephone: (816) 285-7260
Facsimile: (816) 285-7287
hague.dana.m@dol.gov

Attorneys for Secretary of Labor